```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LSI CORPORATION,                         :
                                         :   C.A. No. _____
                    Plaintiff,           :
                                         :
        vs.                              :   COMPLAINT
                                         :
UNITED MICROELECTRONICS                  :
CORPORATION,                             :
                                         :
                    Defendant.           :
                                         :
------------------------------------------------------------X
```

13 CV 3132

JUDGE GRIESA

RECEIVED MAY 09 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff LSI Corporation ("LSI"), by and through its attorneys, Sidley Austin LLP, for its Complaint against defendant United Microelectronics Corporation ("UMC"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action to recover royalties due and owing pursuant to the express terms of a patent license agreement entered into in settlement of pending litigation. Effective April 1, 2009, LSI and UMC entered into a Settlement and Patent License Agreement (the "License Agreement") in settlement of their disputes, including claims for patent infringement brought by LSI in various federal forums. Despite repeated requests, UMC has refused to honor its contractual obligations under the License Agreement.

## THE PARTIES

2. Plaintiff LSI is a corporation organized under the laws of the State of Delaware, with its principal place of business located in San Jose, California. LSI is, among other things, engaged in the business of designing, developing, marketing and selling semiconductor products. It is authorized to do business in New York.

3. Defendant UMC is a corporation organized and existing under the laws of Taiwan, with its principal place of business located in Hsinchu, Taiwan. Upon information and

belief, UMC is one of the world's largest manufacturers of semiconductors, and is listed on both the New York Stock Exchange and the Taiwan Stock Exchange.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties to this action and the amount in controversy is greater than $75,000.

5. This Court also has personal jurisdiction over UMC because UMC expressly agreed in the License Agreement that the United States District Court for the Southern District of New York in the Borough of Manhattan is the exclusive jurisdiction for actions to enforce the terms of the Agreement.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and (c)(2).

## BACKGROUND

7. In the License Agreement, UMC agreed, for the period continuing until December 31, 2012, to pay LSI a quarterly royalty based upon the application of a specified royalty rate to UMC's Net Operating Revenue during each such quarterly period. As defined in the License Agreement, UMC's Net Operating Revenue excludes any revenue which UMC reasonably demonstrates are derived other than from the manufacture and/or sale of Licensed Products.

8. With respect to its obligation to pay quarterly royalties, UMC agreed in the License Agreement (a) to provide a statement of its Net Operating Revenue and the amount of royalty payable thereon for the quarterly period (a "Royalty Report"), with such Royalty Reports due within forty-five days after the end of the respective quarterly period; and (b) to pay LSI the royalties payable in accordance with the Royalty Report by wire transfer within 15 days of receipt of an invoice from LSI.

9. UMC further agreed in the License Agreement that with respect to any overdue payments, it would pay late charges calculated at an annual rate of three percentage points (3%) over the prime rate or successive prime rates (as posted in New York City) during delinquency.

10. On or about November 13, 2012, UMC provided LSI with written notice stating that it had overpaid royalties dating as far back as the quarterly period ending March 31, 2010, and requested a credit for the alleged overpayments. Pursuant to the express terms of the License Agreement, however, no refund, credit or other adjustment of UMC's royalty payments will be made by LSI except for an overpayment of royalties which is identified and fully explained in a written notice to LSI delivered within six months after the due date of the payment which included such alleged overpayment. Accordingly, under the License Agreement, UMC is not entitled to a credit, refund or other adjustment with respect to royalty payments for periods prior to the quarterly period ending March 31, 2012, the payment of which was due prior to on or about May 15, 2012.

11. For the quarterly period ending September 30, 2012, UMC owed LSI a royalty payment in the amount of $1,197,194 (an amount that reflected a credit to UMC of $245,042 in accordance with the terms of the License Agreement). UMC paid LSI only $691,557, leaving a balance due and owing of $505,637.

12. Late charges on the unpaid balance began to accrue on January 11, 2013. As of April 30, 2013, UMC's late charges associated with its failure to pay the balance of royalties due and owing for the quarterly period ending September 30, 2012, is $9,523.98.

13. LSI has provided written notice to UMC demanding that UMC fulfill its obligations under the License Agreement and pay the remaining balance of $505,637 in royalty payments due for the quarterly period ending September 30, 2012, plus applicable late fees, but UMC has refused to do so.

## COUNT ONE
## (BREACH OF CONTRACT)

14. LSI repeats and reallages Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. The License Agreement is a valid and enforceable contract.

16. LSI has performed all of its obligations to UMC under the License Agreement.

17. UMC has breached its obligations under the License Agreement by failing to pay LSI the sum of $505,637 in royalties for the quarterly period ending September 30, 2012, which sum was due on or before January 10, 2013.

18. As a direct and proximate result of UMC's breach, LSI has been damaged.

## COUNT TWO
## (BREACH OF CONTRACT)

19. LSI repeats and reallages Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. UMC has breached its obligations under the License Agreement by failing to pay late payment fees in connection with its late payment of royalties due on or before January 10, 2013, for the quarterly period ending September 30, 2012.

21. As a direct and proximate result of UMC's breach, LSI has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LSI respectfully requests that this Court enter judgment in its favor and against Defendant UMC as follows:

a) Awarding LSI monetary damages in the amount of $505,637;

b) Awarding LSI all late charges due under the License Agreement;

c) Awarding LSI its reasonable attorneys' fees, costs, and expenses in bringing this action; and

d)   Awarding LSI such further and additional relief as this Court deems just and proper.

Dated: May 9, 2013

Respectfully submitted,

SIDLEY AUSTIN LLP

By: *[signature]*
Robert W. Hirth
Elizabeth P. Williams
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Plaintiff LSI Corporation*